Ford v Ford (2025 NY Slip Op 50848(U))

[*1]

Ford v Ford

2025 NY Slip Op 50848(U)

Decided on May 23, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 23, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, MARINA CORA MUNDY, JJ

2024-458 Q C

Edward J. Ford, as Trustee of the Joan Ford Revocable Living Trust, Respondent,
against
Pamela Cruz Ford, Appellant, John Doe #1 and Jane Doe #1, Undertenants. 

Leon I. Behar, P.C. (Leon I. Behar of counsel), for appellant.
Blodnick, Fazio & Clark (Steven M. Fink of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Logan J. Schiff, J.), dated May 15, 2024. The order denied occupant's motion to dismiss the petition or, in the alternative, for summary judgment dismissing the petition, and granted petitioner's cross-motion for leave to amend the petition in a licensee summary proceeding.

ORDERED that the order is affirmed, without costs.
In this licensee summary proceeding (see RPAPL 713 [7]), commenced naming the Joan Ford Revocable Living Trust (the trust) as petitioner, Pamela Cruz Ford (occupant) moved to dismiss the petition or, in the alternative, for summary judgment dismissing the petition, arguing, in effect, that a trust lacks the capacity to maintain a proceeding; that the predicate notice, notice of petition, and petition were improperly served; and that the trust has no ownership interest in the subject premises and the petition does not properly state petitioner's interest in the subject premises. Petitioner opposed the motion and cross-moved for leave to amend the petition to, among other things, substitute the trustee of the trust, Edward J. Ford, as the petitioner in place of the trust. By order entered May 15, 2024, the Civil Court denied occupant's motion and granted petitioner's cross-motion.
A trust itself cannot maintain an action; rather, its trustee is the proper party to commence an action on its behalf (see EPTL 7-2.1 [a]; CPLR 1004; Salanitro Family Trust v Gorina, 49 Misc 3d 153[A], 2015 NY Slip Op 51785[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists [*2]2015]; Ronald Henry Land Trust v Sasmor, 44 Misc 3d 51 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). However, as the Civil Court correctly noted, amendment of the petition, rather than dismissal, is appropriate where, as here, the trustee signed the trust agreement, the predicate notice and the verification page of the petition, and promptly sought to amend the petition to correct the defect (see Rosenberg v Caban, 16 NY2d 905, 906 [1965]; Bender v Uys, 24 Misc 3d 130[A], 2009 NY Slip Op 51350[U] [App Term, 1st Dept 2009]; Estate of Garbarino v Liberty Mut. Group, 13 Misc 3d 135[A], 2006 NY Slip Op 52033[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; cf. Salanitro Family Trust v Gorina, 2015 NY Slip Op 51785[U]; Ronald Henry Land Trust v Sasmor, 44 Misc 3d at 52). Moreover, the predicate notice named the trustee, not the trust itself, as "the owner/licensor" of the premises, and occupant did not deny that Edward J. Ford is the trustee of the trust, nor did she allege that she would be prejudiced or surprised by the amendment. Consequently, the Civil Court did not improvidently exercise its discretion in granting petitioner's cross-motion for leave to amend the petition (see Catnap, LLC v Cammeby's Mgt. Co., LLC, 170 AD3d 1103, 1106 [2019]; D'Angelo v Kujawski, 164 AD3d 648, 650 [2018]; Bank of Am., N.A. v DeNardo, 151 AD3d 1008, 1010 [2017]) and in denying the branch of occupant's motion seeking to dismiss the petition for, in effect, lack of capacity.
A process server's affidavit of proper service constitutes prima facie evidence of such service (see Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 738 [2021]; Taron Partners, LLC v McCormick, 173 AD3d 927, 928 [2019]; Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719, 719 [2014]). In order to rebut this prima facie showing and raise an issue of fact necessitating a traverse hearing, the party challenging the service must submit a sworn, nonconclusory, and factually specific denial of service (see Ahluwalia v Seecharan, 186 AD3d 1302, 1303 [2020]; Nationstar Mtge., LLC v Dekom, 161 AD3d 995, 996 [2018]). "Pursuant to RPAPL 735, conspicuous-place service [of the notice of petition and petition] is permitted only where the [petitioner] has attempted personal or substituted service and failed after having made a reasonable application, which requires that there is at least a reasonable expectation of success in finding a person on the premises to whom delivery may be made" (Fang Realty Corp. v Prime Six, Inc., 77 Misc 3d 129[A], 2022 NY Slip Op 51214[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022] [internal quotation marks omitted]; see Naman v Sylveen Realty Co., 222 AD2d 564, 565 [1995]; 156 Nassau Ave. HDFC v Tchernitsky, 62 Misc 3d 140[A], 2019 NY Slip Op 50059[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; 809-811 Kings Highway, LLC v Pulse Laser Skin Care, 25 Misc 3d 130[A], 2009 NY Slip Op 52121[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). RPAPL 713 requires the predicate notice to be served upon the occupant in the manner prescribed in RPAPL 735.
Here, the affidavit of service for the predicate notice stated that the process server made three attempts at personal or substituted service at the subject premises, on August 7, 2023 at 12:33 p.m., August 8, 2023 at 7:10 p.m., and August 11, 2023 at 7:39 a.m., respectively, before resorting to conspicuous-place service. Similarly, the affidavit of service for the notice of petition and petition stated that the process server made three attempts at personal or substituted service at the premises, on November 6, 2023 at 4:07 p.m., November 7, 2023 at 7:56 a.m., and November 8, 2023 at 7:34 p.m., respectively. For service of both the predicate notice and the notice of petition and petition, the process server's visits to the premises on three different dates [*3]and at different times, when occupant could reasonably have been expected to be found at that location, were sufficient to permit conspicuous-place service pursuant to RPAPL 735 (see Fang Realty Corp. v Prime Six, Inc., 2022 NY Slip Op 51214[U]; 156 Nassau Ave. HDFC v Tchernitsky, 2019 NY Slip Op 50059[U]; cf. U.S. Bank N.A. v Nakash, 195 AD3d 651, 653 [2021]; HSBC Mtge. Corp. (USA) v Hollender, 159 AD3d 883, 884 [2018]). The affidavits also constituted prima facie evidence that the process server properly affixed the documents to the door of the premises, and mailed copies to the premises by first class and certified mail. Occupant's bare and unsubstantiated denial of service in her affidavit lacked the factual specificity required to rebut the prima facie proof of proper service (see Citimortgage, Inc. v Cardali, 230 AD3d 467, 469 [2024]; OneWest Bank FSB v Perla, 200 AD3d 1052, 1055-1056 [2021]; HSBC Bank USA v Archer, 173 AD3d 984, 985 [2019]). Thus, the Civil Court correctly denied the branch of occupant's motion seeking to dismiss the petition for improper service of the predicate notice, notice of petition, and petition.
Occupant argues that she submitted documentary evidence sufficient to demonstrate that petitioner has no ownership interest in the subject premises. "A motion to dismiss a [petition] pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the [petition] and conclusively establishes a defense to the claims as a matter of law" (Cord Meyer Dev. Co. v Forest Hills Owners Corp., 229 AD3d 495, 496 [2024] [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of NY, 98 NY2d 314, 326 [2002]; GIT LEB, LLC v Golphin, 51 Misc 3d 144[A], 2016 NY Slip Op 50713[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). "To be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (Davis v Henry, 212 AD3d 597, 597 [2023] [internal quotation marks and alterations omitted]; see Hartnagel v FTW Contr., 147 AD3d 819, 820 [2017]), "such as judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable" (Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874 [2023] [internal quotation marks omitted]; see Fontanetta v John Doe 1, 73 AD3d 78, 84-85 [2010]). "Conversely, letters, emails, and . . . affidavits[] do not meet the requirements for documentary evidence" (Phillips v Taco Bell Corp., 152 AD3d 806, 807 [2017]; see J.A. Lee Elec., Inc. v City of New York, 119 AD3d 652, 653 [2014]). Here, the submissions in support of occupant's motion either do not constitute documentary evidence within the intendment of CPLR 3211 (a) (1) or fail to utterly refute the petition's allegations or conclusively establish a defense as a matter of law (see Lewis & Murphy Realty, Inc. v Colletti, 187 AD3d 731, 733 [2020]; 25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co., 127 AD3d 850, 851 [2015]; GIT LEB, LLC v Golphin, 2016 NY Slip Op 50713[U]). Consequently, the Civil Court correctly denied the branch of occupant's motion seeking to dismiss the petition based on documentary evidence.
Occupant also argues that petitioner could not have entered into an "oral license agreement" with occupant, as claimed in the petition, and that petitioner's "bare assertion of owning the premises" in the petition was insufficient. "On a motion to dismiss a [petition] pursuant to CPLR 3211 (a) (7), the court must liberally construe the [petition], accept all facts as alleged in the pleading to be true, accord the [petitioner] the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (MJ Lilly [*4]Assoc., LLC v Ovis Creative, LLC, 221 AD3d 805, 807 [2023] [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Furthermore, pursuant to RPAPL 741, a petition must, among other things, "[s]tate the interest of the petitioner in the premises from which removal is sought," "[s]tate the respondent's interest in the premises and his relationship to petitioner with regard thereto," and "[s]tate the facts upon which the special proceeding is based." A petition which contains "fundamental misstatements and omissions" is subject to dismissal on motion (Jeffco Mgt. Corp. v Local Dev. Corp. of Crown Hgts., 22 Misc 3d 141[A], 2009 NY Slip Op 50455[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; see CPLR 404 [a]).
Here, the petition sets forth the necessary elements of a cause of action to recover possession from a licensee pursuant to RPAPL 713 (7). It also sets forth the additional information required by RPAPL 741 in a manner that is "reasonable[ ] under the circumstances" (546 W. 156th St. HDFC v Smalls, 43 AD3d 7, 11 [2007]) and gives the court and occupant "adequate notice of the transactions intended to be proved" (Jeffco Mgt. Corp. v Local Dev. Corp. of Crown Hgts., 2009 NY Slip Op 50455[U], *2, citing CPLR 3013). Therefore, the Civil Court correctly denied the branch of occupant's motion seeking to dismiss the petition based upon alleged pleading deficiencies (see Saito v "Doe," 71 Misc 3d 135[A], 2021 NY Slip Op 50419[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; cf. Jamaica Seven, LLC v Villa, 67 Misc 3d 138[A], 2020 NY Slip Op 50630[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]).
Finally, "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). "Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (id.). Here, occupant failed to make a prima facie showing of her entitlement to judgment as a matter of law on the issue of ownership of the premises. Consequently, the Civil Court correctly denied the branch of occupant's motion seeking summary judgment dismissing the petition (see id.; Ng v Board of Directors, 83 Misc 3d 137[A], 2024 NY Slip Op 51206[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]).
Accordingly, the order is affirmed.
TOUSSAINT, P.J., BUGGS and MUNDY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2025